FILED
SUPERIOR COURT
OF GUAM

2014 MAY 16 PM 2: 51

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | Criminal Case No.: CF0268-13 |
| v. ) | |
| PAULA L.A. TEDTAOTAO, ) | **DECISION AND ORDER** |
| ANTHONY M.T. GUMATATAO ) | |
| and CANDERLARIA M. PEREZ, ) | |
| Defendant. ) | |

**INTRODUCTION**

This matter came before the Honorable Judge Michael J. Bordallo on April 16, 2014 for a suppression hearing. The People are represented by Assistant Attorney General James L.G. Stake. Defendant is represented by attorney Anthony R. Camacho. Having reviewed the motion, memorandum and papers presented, the Court now issues the following decision denying Defendant's motion to suppress.

**BACKGROUND**

On May 23, 2013, Defendants Tedtaotao, Gumataotao and Perez were indicted upon the following charges and counts: 1) Burglary, as a 2nd Degree felony, two counts; 2) Theft of Property as a 2nd Degree Felony; 3) Theft of Property, as a Misdemeanor, four counts. Within the same indictment Defendant Tedtaotao was also charged with: 1) Intimidation of Witness by Extortion, as a 3rd Degree Felony; and 2) Child Abuse, as a Misdemeanor.

On January 17, 2014, Defendant Gumataotao filed a Motion to Suppress Evidence. In it he requests that any statements that he gave to the Guam Police Department be suppressed. In support of this request he asserts that despite requesting to speak with an attorney and not waiving his rights, police officers continued to question him.

He asserts that as a result of their continued questioning he made incriminating statements and gave them a tour of various alleged crime scenes. Upon the same basis, Defendant Gumataotao also argues that any evidence seized from his residence located at #113 Bilibiines Court, Liguan Terrace, Dededo on or about May 15, 2013 should be suppressed.

On February 24, 2014, the People filed their response to Defendant's motion. The People argue and assert that the circumstances of the case reveal that after requesting an attorney and invoking his rights, Defendant subsequently waived his rights. The People assert that upon invoking his rights the Police and the Defendant tried to contact Defendant's attorney and after being unsuccessful Defendant waived his rights and agreed to cooperate.

Defendant did not file a reply.

## DISCUSSION

In 2007 the Guam Supreme Court explained, "[t]estimonial evidence that is a product of custodial interrogation is inadmissible unless a defendant waived the privilege against self-incrimination." *People of Guam v. Farata*, 2007 Guam 8 ¶ 46. Waivers must be voluntary and made after a knowledge of the rights waived. *Id.* Whether a wavier was voluntary is reviewed under a totality of the circumstances test. *Id.* As explained by various U.S. Federal Circuit Courts of Appeal, in a motion to suppress, a defendant carries the initial burden of showing illegality. *U.S. v. Benoit*, 730 F.3d 280, 288 (3rd Cir. 2013); see, *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36.

After this initial burden of sufficiency is met the burden falls upon the people to show legality. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986). The U.S. Supreme Court in 1986 and subsequent Federal Circuit Courts of Appeal have consistently held that, "[w]henever the State bears the burden of proof in a motion to suppress a statement that the defendant claims was obtained in violation of our Miranda doctrine, the State need prove waiver only by a preponderance of the evidence." *Id.*; *U.S. v. Capers*, 627 F.3d 470, 480 (2nd Cir. 2010).

In this case it is undisputed that Defendant upon being taken into custody declined to waive his Miranda rights and requested that he be allowed to speak with his attorney. To assist the Defendant the police officers attempted to make telephone contact with the attorney. The Police officers and the Defendant were not able to make telephone contact with the attorney. The officers subsequently told the Defendant they just wanted the truth and the asked the Defendant if he would be willing to cooperate. The Defendant indicated that he would be willing to co-operate. He also subsequently completed and signed a statement where he indicated he had been advised of his rights and was providing the information freely and voluntarily.

In 1986 the Guam Appellate Division explained "that it makes no sense to hold that once an accused has requested counsel, he may never, until he has actually talked with counsel, change his mind and decide to speak with the police without an attorney being present." *People of Territory of Guam v. Mafnas*, No. 8400061A, 1986 WL 68913, at *6 (D. Guam App. Div. 1986)(citations omitted). Viewing the facts, individually and in their totality, the Court finds that facts of Defendant's waiver have been sufficiently shown. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986). There is no evidence in this case of undue delay, coercion or intimidation. Nor is there significant evidence of any continued interrogation which might infringe upon

Defendant's ability to voluntarily waive his rights after having once asserted them. Absent this the Court is not persuaded that it can support a finding which merits the suppression of evidence. *People of Territory of Guam v. Mafnas*, No. 8400061A, 1986 WL 68913, at *6 (D. Guam App. Div. 1986).

## CONCLUSION

Based upon the foregoing Defendant's motion to suppress is DENIED. This matter is hereby set for further proceedings on __May 20th__, 2014 at __10:00 am__

SO ORDERED this __16__ day of __May__ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_Anthony Camacho_

Date: _5/16/14_ Time: _1:10 pm_

_____
Deputy Clerk, Superior Court of Guam